11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Kenneth Reed

Appellant

Vs.                   Nos.
11-03-00012-CR & 11-03-00014-CR B Appeals from Dallas County

State of Texas 

Appellee

 

These are appeals from two judgments adjudicating Kenneth
Reed’s guilt.  Appellant entered pleas
of nolo contendere to two offenses of indecency with a child younger than
17.  Plea bargain agreements were not
reached.  On November 15, 2001, the
trial court deferred the adjudication of guilt, placed appellant on community
supervision for 10 years, and assessed a $1,000 fine for each offense.  At the October 10, 2002, hearing on the
State’s motions to revoke, appellant entered pleas of true to the allegations
that he violated the terms and conditions of his community supervision by using
cocaine on four occasions and by being unsuccessfully discharged from the sex
offender treatment program.  In each
case, the trial court revoked appellant’s community supervision, adjudicated
his guilt, and imposed a sentence of confinement for 15 years.  We affirm.

Appellant’s court-appointed counsel has filed a brief in
which she conscientiously examines  the
entire record and the applicable law. 
After reviewing appellant’s initial pleas of nolo contendere, his
judicial confessions, the evidence presented at trial, appellant’s pleas of
true, the motions to revoke,  the
performance of trial counsel, appellant’s mental competency, and revocation and
adjudication proceedings in the trial court, counsel has concluded that the
appeals are frivolous and without merit. 
Counsel further concludes that she can find no arguable points to
advance on appeal. 








In each appeal, counsel has furnished appellant with a copy
of the brief and has advised appellant of his right to review the record and
file a pro se brief.  Pro se briefs have
not been filed.  Counsel has complied
with the procedures outlined in Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v.
State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d
684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969).

 The record reflects
that at the November 15, 2001, punishment hearing following appellant’s pleas
of nolo contendere, the victim in Cause No. 11-03-00012-CR testified.  The victim stated that, while she was a
freshman at Lincoln Communication Magnet High School, appellant was her teacher
in Pre-AP Geography.  The victim stated
that the girl who was the victim in Cause No. 11-03-00014-CR was also in that
class.  Appellant was a coach and a
teacher at the school.  The victim
stated that appellant was “a friendly person,” that he “seemed very caring,”
and that he ”was like a father to all of the freshman.”  The victim described how appellant touched
her breast and continued to do so until she “ran off.”  The victim stated that this was “not
something that [she] would have anticipated from” appellant.  

Appellant stated that he had taught for 13 years and that
his actions were prompted by “stupidity.” 
Appellant further stated that he was “ashamed” and “confused” at his
actions.  He apologized to the victim
who had testified and to her father, and he requested that the trial court
place him on community supervision. 
Appellant stated that the offenses took place at the end of September
when both girls were still new to the school. 
Appellant admitted that there had been prior allegations in 1998 and in
1999 of inappropriate touching while he was teaching at the same school;
however, he denied both allegations.

Following the procedures outlined in Anders, we have
independently reviewed the record. We agree that the appeals are without merit.

The judgments of the trial court are affirmed.

 

PER CURIAM

 

September
4, 2003

Do
not publish.  See TEX.R.APP.P.
47.2(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall,
J.